IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARYBETH LAUDERDALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 13-3062 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| HUMAN SERVICES, ILLINOIS | ) | |
| DIVISION OF REHABILITATIVE | ) | |
| SERVICES, ILLINOIS SCHOOL FOR | ) | |
| THE DEAF, ILLINOIS SCHOOL | ) | |
| FOR THE VISUALLY IMPAIRED, | ) | |
| MICHELLE SADLER, sued in her | ) | |
| individual capacity, ROBERT | ) | |
| KILBURY, sued in his individual | ) | |
| capacity, and PATRICK J. QUINN, | ) | |
| III, sued in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Motion to Dismiss pursuant to Rule 12(b)(6) filed by Defendants Illinois Division of Rehabilitative Services, Illinois School for the Deaf, Illinois School for the Visually Impaired, and Patrick J. Quinn.

# I. FACTUAL ALLEGATIONS

In her Complaint, Plaintiff Marybeth Lauderdale asserted claims pursuant to the Equal Pay Act, 29 U.S.C. § 206(d), as enacted as part of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.*; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the Fourteenth Amendment of the United States Constitution. Count 1 asserts the Equal Pay violation and is directed at all Defendants. Count II, which asserts claims pursuant to § 1983 and the Equal Protection Clause of the Fourteenth Amendment, is Directed at the individual Defendants: Michelle Saddler, Robert Kilbury, Francisco Alverado and Patrick J. Quinn, III.

According to the Complaint, the Plaintiff was employed by the State of Illinois as Superintendent of Defendant Illinois School for the Deaf at all relevant times in March 2010. Defendant Illinois Department of Human Resources (DHS) operates the School for the Deaf and Defendant Illinois School for the Visually Impaired through its Division of Rehabilitative Services, which is also named as a Defendant.

In March of 2010, the Plaintiff was asked by Defendant Kilbury and

2

Defendant Saddler what it would take for her to assume the position of Superintendent of the Illinois School for the Visually Impaired, in addition to maintaining her position as Superintendent of the Illinois School for the Deaf. The Plaintiff informed the Defendants that she wanted to be paid at least as much as the male who previously held the position of Superintendent of the Illinois School for the Visually Impaired, Reggie Clinton. The Defendants offered to pay the Plaintiff an annual salary of $106,500.00 to serve as Superintendent of both the Illinois School for the Deaf and the Illinois School for the Visually Impaired. They informed the Plaintiff that if she did not accept the offer, she would be reassigned to a position earning $1,000.00 a month less than she was then earning as the Superintendent of the Illinois School for the Deaf. According to the Complaint, Defendants Saddler, Kilbury and Alverado had knowledge of the offer and its terms.

The Complaint further alleges that Defendant Alverado told the Plaintiff Defendant Quinn had determined that her salary could not exceed $106,500.00. At the time the Defendants offered the Plaintiff an annual

3

salary of $106,500.00 to serve as Superintendent of both schools, the Defendants knew that the man who had previously held the position of Superintendent of the Illinois School for the Visually Impaired had been paid more than what they were offering the Plaintiff.

On September 1, 2010, the Plaintiff accepted the new assignment as the Superintendent of both schools. She remained as the Superintendent of both schools until July 31, 2012. The Complaint alleges that at all times throughout her tenure, the Plaintiff was paid less to serve as the Superintendent of both the Illinois School for the Deaf and the Illinois School for the Visually Impaired than the man who had previously served as the Superintendent for the Illinois School for the Visually Impaired.

In support of the Motion to Dismiss, the Defendants allege that the Illinois Department Division of Rehabilitative Services is a division of the DHS and is not a separate legal entity. Moreover, the Illinois School for the Deaf and Illinois School for the Visually Impaired are operated by the DHS and are not separate legal entities. The Illinois Division of Rehabilitative Services, Illinois School for the Deaf and the Illinois School

for the Visually Impaired are not proper parties because they do not meet the definition of "employer" under the Equal Pay Act. Their inclusion in the lawsuit is duplicative of the inclusion of DHS. *See* 29 U.S.C. § 203(d). Accordingly, those entities should be dismissed as Defendants from the lawsuit.

The Defendants further allege that Plaintiff has alleged only conclusory allegations against Defendant Patrick J. Quinn. Quinn asserts the allegations should be dismissed pursuant to Rule 12(b)(6) because the Complaint lacks sufficient information to allow the Court to draw an inference that he discriminated against the Plaintiff on the basis of her sex.

## II. DISCUSSION

### A. Legal standard

At this stage, the Court accepts as true all of the facts alleged in the Complaint and draws all reasonable inferences therefrom. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the

claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). Courts must consider whether the complaint states a "plausible" claim for relief. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See id.* However, the claim need not be probable: "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *See Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Id.*

> B. Count I Claims against Illinois Division of Rehabilitative Services, Illinois School for the Deaf and Illinois School for the Visually Impaired

In Count I, the Plaintiff asserts EPA claims against a number of Defendants. The Defendants allege a number of these entities do not

6

qualify as "employers" under the EPA.  For purposes of the EPA, an employer "includes a public agency."  *See* 29 U.S.C. § 203(d).  A "public agency is further defined as "the government of a State or political subdivision thereof; any agency of the United States . . . a State, or a political subdivision of a State."  *See* 29 U.S.C. § 203(x).  DHS is a department of state government.  *See* 20 ILCS 5/5-15.

The Illinois Division of Rehabilitative Services is not a separate state agency and is not listed as a department of state government.  *See* 20 ILCS 5/5-15.  In her Complaint, the Plaintiff admitted that the Illinois Division of Rehabilitative Services is a division of DHS.  *See* Complaint ¶ 6.

In her Response, the Plaintiff does not address the argument that the Illinois Division of Rehabilitative Services does not qualify as an "employer."  Based on the foregoing, the Court concludes that the Illinois Division of Rehabilitative Services is not a separate state agency and cannot qualify as an "employer" for purposes of the EPA.  Because only the Plaintiff's EPA claims are directed at the Illinois Division of Rehabilitative Services, it will be dismissed as a Defendant.

The Court further concludes that the Illinois School for the Deaf and the Illinois School for the Visually Impaired are not separate state agencies. Neither entity is separate and apart from DHS. DHS is responsible for operating "residential schools for the education of children with visual and hearing handicaps." *See* 20 ILCS 2405/10(a). Moreover, the Plaintiff alleges in her Complaint that the School for the Deaf and the School for the Visually Impaired are "operated by IDHS through the Division of Rehabilitative Services." *See* Complaint ¶ 7, 8.

In her Response, the Plaintiff does not address the argument that the Illinois School for the Deaf and the Illinois School for the Visually Impaired are not separate state agencies. Based on the foregoing, the Court concludes that DHS operates the entities and neither qualifies as an "employer" under the EPA. Because only the Plaintiff's EPA claims are directed at those Defendants, the Illinois School for the Deaf and the Illinois School for the Visually Impaired will be dismissed as Defendants.

C. Equal Protection Claims against Defendant Patrick J. Quinn

The Defendants further contend that Plaintiff has failed to state a

valid Equal Protection claim in Count II against Defendant Patrick J. Quinn. Quinn asserts the allegations are conclusory and fail to state a claim for relief that is plausible on its face.

As previously noted, the Court at this stage must determine if the Plaintiff has asserted enough facts to state a plausible claim for relief. "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to the presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). The United States Court of Appeals for the Seventh Circuit has interpreted the United States Supreme Court's recent precedents as requiring "the plaintiff to provide some specific facts to support the legal claims asserted in the complaint." *Id*. (internal quotation marks and citation omitted). "[T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The inquiry involved whether these things "*could*" have happened, not whether they *did* occur." *See id*. (emphasis in original). At this stage, a court need not determine whether one party's inferences are more likely to

be accurate than the other's. *See id*.

The court in *Swanson* observed that in many routine cases, it will be no more difficult for a plaintiff today to meet her burden than it was before the Supreme Court's recent decisions. *See id*. The court explained:

> A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else. That is an entirely plausible scenario, whether or not it describes what "really" went on in this plaintiff's case. A more complex case involving financial derivatives, or tax fraud that the parties tried hard to conceal, or antitrust violations, will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected.

*Id*. at 404-05.

The Court has carefully reviewed the allegations contained in the Plaintiff's Complaint. Paragraph 24 states, "Defendant Alverado told Plaintiff that Defendant Quinn had determined that her salary could not exceed $106,500.00." Paragraph 25 states, in pertinent part, "Defendants knew that the man who had previously held the position of Superintendent of the Illinois School for the Visually Impaired had been paid more than

they were offering to pay Plaintiff." Paragraph 39 states that Quinn and the other individual Defendants "intentionally treated Plaintiff less favorably than similarly situated male employees by paying her less for equal work because of her sex, female." Paragraph 43 of the Plaintiff's Complaint states:

> Upon information and belief, Defendant Quinn participated directly in the intentional discriminatory actions of paying Plaintiff for equal work because of Plaintiff's sex, all of which denied Plaintiff equal employment opportunities and resulted in a significant change in her employment, thereby depriving Plaintiff of her right to equal protection under the Fourteenth Amendment to the United States Constitution.

In her Complaint, the Plaintiff's allegations describe a relatively simple scenario in which she was paid less than male employees for equal work. The Complaint alleges direct involvement on the part of Quinn. The factual scenario here is somewhat analogous to the routine discrimination case discussed in *Swanson*. In relatively simple discrimination cases like these, a plaintiff generally is not required to allege significant detail in order to survive a motion to dismiss. *See Swanson*, 614 F.3d at 404-05. Here, the Plaintiff alleges discrimination on the basis of sex and direct involvement

11

on the part of the individual Defendant. The Court concludes the Complaint contains sufficient factual allegations.

In *Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008), the Seventh Circuit considered a plaintiff's § 1983 claims of sex discrimination and discussed the amount of detail that a plaintiff must allege:

> [W]e conclude that Ms. Tamayo has alleged sufficient facts regarding her section 1983 sex discrimination claim to survive dismissal at this stage. . . [S]he specified that Defendants Blagojevich, Hamer and Monk treated Plaintiff less favorably than such similarly-situated male employees on account of her gender. Despite the individual defendants' contention that Ms. Tamayo failed to allege that they personally had violated her rights, the complaint further alleged that the individual defendants intentionally engaged in a course of conduct to prevent Plaintiff from being paid the $160,000 per year that Plaintiff was told that she would receive. Drawing all inferences in Ms. Tamayo's favor, these allegations are sufficient to state a claim of sex discrimination under section 1983.

*Id*. at 1085-86 (internal quotation marks and citations omitted). Here, the Plaintiff alleges she was treated less favorably than a similarly-situated male on account of her gender by paying her less for equal work. The Plaintiff alleges Quinn participated directly in the discriminatory actions. Construing all inferences in the Plaintiff's favor, the Court concludes that

the allegations are sufficient to assert a claim for sex discrimination under § 1983.

Although the Defendants contend that the allegations in *Tamayo* are more numerous and detailed than the conclusory allegations here, the Court concludes that the Plaintiff has alleged facts here which are analogous to the "entirely plausible scenario" of discrimination discussed in *Swanson*. In that case which was decided after *Twombly* and *Engquist v. Oregon Dep't Agric.*, 553 U.S. 591 (2008), the Seventh Circuit suggested that a plaintiff alleging a routine case of sex discrimination need not include extensive factual detail in the complaint. The Plaintiff here has alleged sufficient factual detail at this stage of the litigation.

Ergo, the Motion of the Defendants to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [d/e 13] is ALLOWED in part and DENIED in part.

The Motion is ALLOWED as to the claims directed against Defendants the Illinois Division of Rehabilitative Services, the Illinois School for the Deaf and the Illinois School for the Visually Impaired in

Count I. The Clerk is Directed to terminate as parties the Illinois Division of Rehabilitative Services, the Illinois School for the Deaf and the Illinois School for the Visually Impaired.

The Motion is DENIED as to the claims asserted against Defendant Patrick J. Quinn in Count II of the Complaint.

This case is referred to United States Magistrate Judge Byron G. Cudmore for the purpose of scheduling a discovery conference.

ENTER: July 3, 2013

    FOR THE COURT:

                          *s/Richard Mills*
                          Richard Mills
                          United States District Judge