IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
(SPRINGFIELD DIVISION)

| | |
|---|---|
| MARYBETH LAUDERDALE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ILLINOIS DEPARTMENT OF HUMAN )<br>SERVICES, MICHELLE SADDLER, )<br>sued in her individual capacity, )<br>ROBERT KILBURY, sued in his individual )<br>capacity, FRANCISCO ALVERADO, sued )<br>in his individual capacity, and PATRICK J. )<br>QUINN, III, sued in his individual capacity, )<br>)<br>Defendants. ) | Case No.: 13-3062-RM-BGC |

**FIRST AMENDED COMPLAINT**

Comes now, Plaintiff, Marybeth Lauderdale, by and through her attorneys, Donald G. Orzeske and John D. Meyer, and for her complaint against the above-named defendants, alleges the following:

**JURISDICTION AND VENUE**

1.  This action for damages is brought pursuant to the Equal Pay Act (29 U.S.C. § 206(d)) as enacted as part of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201, *et seq*.), the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 et seq. (Title VII), the Civil Rights Act of 1871, (42 U.S.C. §1983), and the Fourteenth Amendment of the U.S. Constitution.

2.  Jurisdiction in this court is proper pursuant to 28 U.S.C. §1331 because the action arises under the laws of the United States, and jurisdiction is also proper under 28 U.S.C. § 1343(a)(3) and (4).

1

3. This action properly lies in the Central District of Illinois, pursuant to 28 U.S.C. §1391 (b) and (c) because: (1) at least one of the defendants resides in the Central District of Illinois and all defendants reside in Illinois; or (2) a substantial part of the events giving rise to Plaintiff's claims occurred within this district. Venue in this district is also proper under 42 U.S.C. §2000e-5(f)(3) because the unlawful employment practices occurred in this district and relevant employment records are contained in this district.

## THE PARTIES

4. Plaintiff is a female person, a citizen of the United States of America.

5. Defendant Illinois Department of Human Services ("IDHS") is an Illinois state agency located within the State of Illinois. IDHS employs over 10,000 persons and is an employer within the meaning of the Equal Pay Act, 29 U.S.C. § 201, *et seq*. IDHS is also a person within the meaning of 42 U.S.C § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b).

6. Defendant Michelle Saddler is Secretary of the Illinois Department of Human Services ("IDHS"). Defendant Saddler is sued in her individual capacity.

7. At all relevant times, Defendant Robert Kilbury was the Director of the Division of Rehabilitation Services ("IDRS"), which is a division of IDHS. Defendant Kilbury is sued in his individual capacity.

8. At all relevant times, Defendant Francisco Alverado was the Assistant Director of IDRS. Defendant Alverado is sued in his individual capacity.

9. Defendant Patrick J. Quinn, III, is the Governor of the State of Illinois. He is sued in his individual capacity.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. On or about January 2, 2013, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission alleging that her employer, the Illinois Department of Human Services (the State of Illinois), had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2 *et seq*., and the Equal Pay Act, 29 U.S.C. §206(d)(1) while she was employed by IDHS as Superintendent for both the Illinois School for the Deaf and the Illinois School for the Visually Impaired.

11. On January 23, 2013, Plaintiff served a request with the U.S. Equal Employment Opportunity Commission for a Right To Sue Letter from the EEOC.

12. On August 19, 2013, Plaintiff received a Notice of Right to Sue from the U.S. Department of Justice. (attached as "Exhibit A" to this Complaint)

## FACTS

13. At all relevant times since March 2010, Plaintiff was employed by IDHS as Superintendent of the Illinois School for the Deaf.

14. IDHS is an Illinois state agency that operates the School for the Deaf and the School for the Visually Impaired through its Division of Rehabilitative Services.

15. In March of 2010, Plaintiff was asked by Defendant Kilbury and by Defendant Saddler what it would take for her to take over the job as Superintendent of the Illinois School for the Visually Impaired in addition to maintaining her position and duties as Superintendent of the Illinois School for the Deaf.

16. Plaintiff informed Defendant Kilbury and Defendant Saddler that she wanted to be paid at least as much as Reggie Clinton, the man who previously held the position of Superintendent of the Illinois School for the Visually Impaired.

17. In or about August 2010, Defendant IDHS, through its employees, including but not limited to Defendant Alvarado, told Plaintiff it would only pay her $106,500.00 in yearly salary to serve as Superintendent of both the Illinois School for the Deaf and the Illinois School for the Visually Impaired even though that was less that what IDHS had paid Reggie Clinton to serve as the Superintendent of the Illinois School for the Visually Impaired.

18. After informing Plaintiff what IDHS would pay her to serve as the dual Superintendent, Defendant IDHS, through its employees and agents, threatened Plaintiff that if she did not accept the offer that she would be reassigned to a position earning $1,000.00 a month less than she was currently earning as the Superintendent of the Illinois School for the Deaf.

19. Defendants Saddler, Kilbury, Alverado and Quinn knew that Plaintiff was offered a yearly salary of $106,500.00 to serve as the Superintendent of both the Illinois School for the Deaf and the Illinois School for the Visually Impaired.

20. Defendants Saddler, Kilbury and Alverado knew that Plaintiff was told that if she did not accept the salary offer for the dual superintendent position that she would have to take a position earning $1,000.00 a month less than she was earning as the Superintendent for the Illinois School for the Deaf.

21. Defendant Alverado told Plaintiff that Defendant Quinn had determined that her salary could not exceed $106,500.00.

22. At the time Defendants offered Plaintiff a yearly salary of $106,500.00 to serve as Superintendent of both schools, Defendants knew that the man who had previously held the position of Superintendent of the Illinois School for the Visually Impaired had been paid more than they were offering to pay Plaintiff.

23. On September 1, 2010, under the threat of being demoted to a lower paying job if she did not accept the dual Superintendent position at a yearly salary of $106,500.00, Plaintiff accepted the new assignment as the Superintendent of both schools.

24. Plaintiff remained as the Superintendent of both schools until July 31, 2012.

25. At all times from September 1, 2010, until July 31, 2012, Plaintiff was paid less to serve as the Superintendent of both the Illinois School for the Deaf and the Illinois School for the Visually Impaired than her male predecessor, Reggie Clinton, who had only served as the Superintendent of the Illinois School for the Visually Impaired.

26. After assuming the dual superintendent position, Plaintiff received exceptional performance evaluations each year.

27. Despite receiving exceptional performance evaluations and despite repeatedly requesting pay increases to bring her pay in line with her male predecessor at the School for the Visually Impaired, Defendant IDHS never increased Plaintiff's salary.

## COUNT I
## EQUAL PAY VIOLATION

28. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 25 of this Complaint as if set forth at length herein.

29. While employed as the Superintendent of both the Illinois School for the Deaf and the Illinois School for the Visually Impaired, Plaintiff was paid substantially less than male employees who had held the same or similar positions to that of Plaintiff.

30. The work Plaintiff performed in her position as dual Superintendent of the Illinois School for the Deaf and the Illinois School for the Visually Impaired was equal to or greater than the work required of male employees who served as Superintendent for the Illinois School for the Visually Impaired and of male employees who served in similar positions.

31. The work Plaintiff performed in her position as dual Superintendent of the Illinois School for the Deaf and the Illinois School for the Visually Impaired required equal or greater skill, effort and responsibility as the work required of male employees who served as Superintendent of the Illinois School for the Visually Impaired and of male employees who served in similar positions.

32. The work Plaintiff performed in her position as dual Superintendent of the Illinois School for the Deaf and the Illinois School for the Visually Impaired was performed under similar working conditions as the work required of male employees who served as Superintendent for the Illinois School for the Visually Impaired and of male employees who served as Superintendent of the Illinois School for the Deaf.

33. Defendant IDHS's actions in willfully paying Plaintiff a lower wage than male employees for equal work violated the Equal Pay Act, 29 U.S.C. §206(d)(1).

34. As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered loss of wages and benefits, back pay, liquidated damages, and other damages.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant IDHS/State of Illinois and asks that the Court award her, back pay, lost wages and benefits, liquidated damages, reasonable statutory attorney fees, pre-judgment and post judgment interest and costs, and such other relief as the Court may find appropriate.

## COUNT II
### EQUAL PROTECTION CLAIM PURSUANT TO 42 U.S.C. § 1983
(Saddler, Kilbury, Alverado, Quinn)

35. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 33 of this Complaint as if set forth at length herein.

36. Plaintiff was similarly situated to male employees who were paid more than Plaintiff for performing equal work.

37. Defendants Saddler, Kilbury, Alverado and Quinn intentionally treated Plaintiff less favorably than similarly situated male employees by paying her less for equal work because of her sex, female.

38. Defendants Saddler, Kilbury, Alverado and Quinn were acting under color of law when they intentionally discriminated against Plaintiff by paying her less than similarly situated male employees because of her sex, female.

39. Defendant Saddler participated directly in the intentional discriminatory actions of paying Plaintiff less for equal work because of Plaintiff's sex, all of which denied Plaintiff equal employment opportunities and resulted in a significant change in her employment, thereby depriving Plaintiff of her right to equal protection under the Fourteenth Amendment to the United States Constitution.

40. Defendant Kilbury participated directly in the intentional discriminatory actions of paying Plaintiff less for equal work because of Plaintiff's sex, all of which denied Plaintiff equal employment opportunities and resulted in a significant change in her employment, thereby depriving Plaintiff of her right to equal protection under the Fourteenth Amendment to the United States Constitution.

41. Defendant Alverado participated directly in the intentional discriminatory actions of paying Plaintiff less for equal work because of Plaintiff's sex, all of which denied Plaintiff equal employment opportunities and resulted in a significant change in her employment, thereby depriving Plaintiff of her right to equal protection under the Fourteenth Amendment to the United States Constitution.

42. Upon information and belief, Defendant Quinn participated directly in the intentional discriminatory actions of paying Plaintiff less for equal work because of Plaintiff's sex, all of which denied Plaintiff equal employment opportunities and resulted in a significant change in her employment, thereby depriving Plaintiff of her right to equal protection under the Fourteenth Amendment to the United States Constitution.

43. Defendants' actions violated Plaintiff's rights to Equal Protection under the Fourteenth Amendment to the U.S. Constitution.

44. Defendants' actions were done with malice, evil motive, or reckless or callous indifference to Plaintiff's rights protected by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

45. As a proximate result of Defendants' actions, Plaintiff has suffered loss of wages and benefits, emotional distress and other damages.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendants Michelle Saddler, Robert Kilbury, Francisco Alverado and Patrick J. Quinn, III, and asks that the Court award her compensatory and punitive damages, and pre-judgment and post judgment interest. Plaintiff also demands costs and attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT III
## DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII

46. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 45 of this Complaint as if set forth at length herein.

47. At all relevant times, Plaintiff performed her job to the satisfaction of her employer, Defendant Illinois Department of Human Services.

48. Plaintiff was subjected to adverse employment actions on account of her sex, female, including but not limited to, the following:

(a) paying plaintiff less than similarly situated male employees; and

(b) refusing to provide pay raises to Plaintiff while she served as the dual Superintendent for the School for the Deaf and the School for the Visually Impaired.

49. Through its actions, Defendant has treated Plaintiff differently than similarly situated male employees and exhibited discriminatory treatment against Plaintiff with respect to her compensation and in the terms and conditions of her employment on account of her sex.

50. Defendant's actions were and are in violation of Title VII of the Civil Rights Act of 1964, as amended, U.S.C. §2000e-2 et seq., as amended.

51. As a proximate result of Defendant's actions, Plaintiff has suffered lost wages, employment benefits, emotional distress and other damages.

WHEREFORE, Plaintiff, Marybeth Lauderdale, respectfully prays for judgment against Defendant Illinois Department of Human Services and asks that the Court award her damages, including but not limited to lost pay, lost benefits, emotional distress, and attorney fees and other cost and damages as allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

*s/ Donald G. Orzeske*
Donald G. Orzeske, Illinois Atty No. 6187769
GOODIN ORZESKE & BLACKWELL, P.C.
50 East 91st Street, Ste 104
Indianapolis, Indiana 46240
Tel: (317) 846-4000
Fax: (317) 846-8000
dorzeske@goblaw.com

*s/ John D. Meyer*
John D. Meyer, Indiana Atty No. 18790-29
GOODIN ORZESKE & BLACKWELL, P.C.
50 East 91st Street, Ste 104
Indianapolis, Indiana 46240
Tel: (317) 846-4000
Fax: (317) 846-8000
jmeyer@goblaw.com